Jeffrey A. Apperson, Clerk

OCT 13 2005

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

# JURY INSTRUCTIONS
## *United States v. Stipanovic*, 3:05CR-106-R

## INSTRUCTION NO. 1

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

# INSTRUCTION NO. 2

As you know, the Defendant has pleaded not guilty to the crime charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells a defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that the defendant is innocent. This presumption of innocence stays with the Defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that a defendant is guilty, and this burden stays on the Government from start to finish. You must find the defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

Count 1 of the indictment charges that Defendant violated Title 18, United States Code, Section 875(c), which makes it a crime for anyone to transmit in interstate commerce any communication containing any threat to injure the person of another.

The Defendant can be found guilty of that offense only if all of the following elements are proved beyond a reasonable doubt:

(1)     That the defendant sent or transmitted a communication in interstate commerce; and

(2)     The transmission was a communication containing a threat; and

(3)     The threat must be a threat to injure the person of another.

When deciding whether the Government has proved beyond a reasonable doubt the first of these elements (Number 1), bear in mind that to transmit something "in interstate commerce" means to send it from a place in one state to a place in another state.

When deciding whether the Government has proved beyond a reasonable doubt the second of these elements (Number 2), you must find that the communication is one that a reasonable person (a) would take as a serious expression of intention to inflict bodily harm; *and* (b) would perceive as being communicated to effect some change or achieve some goal through intimidation.  Both of these factors must be determined objectively from the perspective of the person hearing them; that means that you must determine whether an ordinary, reasonable recipient familiar with the context of the threat would interpret it as a threat of injury.

## INSTRUCTION NO. 4

You have heard testimony that Mr. Stipanovic allegedly committed some acts other than the one charged in this indictment.

You cannot consider this testimony as evidence that Mr. Stipanovic committed the crime that he is on trial for now.  Instead, you can only consider it in deciding whether a reasonable person in the shoes of Tanja Lazicic or Albin Mujanovic would have thought that Mr. Stipanovic's statements were a serious expression of intention to inflict bodily harm and were communicated to effect some change or achieve some goal through intimidation, as described in Instruction 3 .

Remember that Mr. Stipanovic is only on trial for the particular crime charged in the indictment and is not on trial for these other alleged acts.  Your job is limited to deciding whether the government has proved the crime charged beyond a reasonable doubt.  Do not return a guilty verdict unless the government proves the crime charged beyond a reasonable doubt.

# INSTRUCTION NO. 5

The indictment accuses the defendant of knowingly transmitting in interstate commerce a communication containing a threat to injure the person of another.  Both Tanja Lazicic and Albin Mujanovic were present for the phone call that forms the basis of the indictment.  The government has to prove that a reasonable person in the shoes of the receiver of the statement would interpret it as a threat of injury, as described in Instruction No. 3 .  The government does not have to prove that a reasonable person in the shoes of *both* Tanja Lazicic and Albin Mujanovic would have interpreted the statement as a threat of injury.  Proof beyond a reasonable doubt that a reasonable person in the shoes of *one* of these two people is enough.  But in order to return a guilty verdict, *all twelve of you must agree that the same one has been proved, or that both have been proved.*

## INSTRUCTION NO. 6

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations. Remember it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## INSTRUCTION NO. 7

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

# INSTRUCTION NO. _8_

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

The defendant must knowingly transmit a communication containing a threat to injure a person.  The communication must be transmitted in interstate commerce.  The defendant does not have to know it traveled in interstate commerce.

The term "knowingly" means the act was done voluntarily and intentionally and not because of mistake or accident.

The definition of interstate commerce is contained in Instruction No. 4.

## INSTRUCTION NO. 9

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or Mr. Stipanovic, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or another.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may, other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 10

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.  Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## INSTRUCTION NO. 11

Both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. Both sides have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 12

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own in independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## INSTRUCTION NO. 13

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 14

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 15

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 16

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the Defendant's guilt beyond a reasonable doubt.

To find the Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 17

Remember that the Defendant is only on trial for the particular crimes charged in the Indictment.  Your job is limited to deciding whether the Government has proved the crimes charged beyond a reasonable doubt.

Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the Government has proved this defendant guilty beyond a reasonable doubt.  Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 18

I have prepared a verdict form that you should use to record your verdict.

If you decide that the Government has proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the Government has not proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 19

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.